**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| HALEY J. THOMAS, #303139, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No.: 2:09-1344-PMD |
| v. | ) | |
| | ) | |
| WILLIE EAGLETON, WARDEN ECI, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner Haley J. Thomas's ("Petitioner") *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on May 18, 2009.[1] On August 26, 2009, Willie Eagleton ("Respondent") filed a Motion for Summary Judgment. On November 24, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Respondent's Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed. Petitioner filed an Objection to the R&R on December 14, 2009. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently incarcerated at the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was arrested in Florida and charged with murder after Dashawn Patterson was found dead, with his throat slit in the Forest Acres area of Columbia.

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-276 (1988).

1

After Petitioner was arrested, he gave a statement to the police that admitted his involvement in the killing but giving some indication that he had acted in self defense. In his statement, Petitioner, a disabled veteran of the United States Armed Forces, admitted that he became involved with drugs after he was discharged from the military. According to the Petitioner's statement, the victim was a drug dealer that Petitioner owed money to, but that the Petitioner did not have enough money to repay him. According to Petitioner's statement, on the day of the killing, the victim and Petitioner were riding around the Columbia area in the Petitioner's vehicle gathering money from various financial sources of Petitioner. While parked and waiting for a bank to open, the victim allegedly repeatedly threatened Petitioner and his family with bodily harm over the debt. According to the Petitioner, the threats from the victim escalated into physical beatings of the Petitioner using the butt of a loaded pistol. Eventually, Petitioner claims that he "snapped" and fought back to defend himself. Petitioner claims that he acted instinctively using his Army Airborne fighting skills and killed the victim. Petitioner was indicted in 2003 in Richland County for murder. (R. p. 1.)

Petitioner was represented by Katherine Hudgins, Esquire, and on June 23, 2004, Petitioner pled guilty to voluntary manslaughter pursuant to a negotiated plea. (R. pp. 5-30.) Pursuant to the plea negotiations, the trial judge sentenced Petitioner to a term of imprisonment of twenty years. (R. p. 30.) Petitioner did not appeal his conviction or sentence.

On December 6, 2004, Petitioner filed an application for post-conviction relief ("APCR") in the Court of Common Pleas for Richland County. (R. pp. 38-42.) Respondent's APCR contained vague allegations of ineffective assistance of counsel and involuntary guilty plea. (R. pp. 38-42.) On September 12, 2009, the Respondent filed a Return to Petitioner's APCR. (R. pp. 48-55.) On November 29, 2006, Petitioner filed an amendment to his APCR in which Petitioner specifically

listed several grounds for relief, which are listed verbatim as follows:

> 1. The Applicant was unable to assist his lawyer in preparing his defense as a result of numerous prescription medications that he was prescribed during the time period leading up to his guilty plea and was thus incompetent to take a guilty plea.

> 2. The Applicant's guilty plea was unknowing and involuntary as a result of taking numerous prescription medications immediately prior to guilty plea.

> 3. Katherine Hudgins, the Applicant's criminal defense attorney, rendered ineffective assistance of counsel for failing to investigate the prescription medications that had been prescribed for the Applicant that impaired the Applicant's ability to assist in his defense preparation.

> 4. Katherine Hudgins rendered ineffective assistance in allowing the Applicant to plead guilty while he was incompetent as a result of taking numerous medications just prior to the guilty plea.

> 5. Katherine Hudgins rendered ineffective assistance of counsel for failing to investigate the facts, prepare a self defense case, and request a trial to assert self defense

> (R. pp. 57-58).

Petitioner was represented in his PCR trial by Douglas Leadbitter, Esquire, and an evidentiary hearing was held on February 28, 2007. (R. pp. 65-116). On April 5, 2007, the PCR judge filed an order denying Petitioner's APCR. (R. pp. 156-65).

Petitioner timely filed an appeal of the denial of his APCR. Petitioner was again represented by Douglas Leadbitter, Esquire, and on February 1, 2008, filed a Petition for Writ of Certiorari to the South Carolina Supreme Court raising the following issues:

> 1. Did the PCR Court err in holding that Petitioner was able to assist his lawyer in preparing his defense and therefore competent to plead guilty?

> 2. Did the PCR Court err in holding that Petitioner's criminal defense attorney did not render ineffective assistance of counsel for failing to investigate the prescription medications that had been prescribed for Petitioner that impaired the Petitioner's ability to assist in his defense preparation and in failing to seek a psychiatric

evaluation of Petitioner?

3. Did the PCR Court err in holding that Petitioner's criminal defense attorney did not render ineffective assistance of counsel for failing to investigate facts, prepare a self defense case, and request a trial to assert self defense?

On November 19, 2008, the South Carolina Supreme Court denied the petition and issued the Remittitur on December 5, 2008.

Petitioner filed his *pro se* habeas petition on May 18, 2009, in which he asserted the following grounds for relief, listed verbatim as follows:

**Ground One:** Petitioner's Sixth and Fourteenth, and 5th Amendments right to Effective Assistance of Counsel was violated. Petition for Writ of Certiorari.

Supporting Facts: Petitioner's sixth, fourteenth and 5th Amendment right to Effective Assistance of Counsel was violated. Petition for Writ of Certiorari; Trial counsel failed to perfect the appeal from Petitioner's guilt plea and sentence; Trial Counsel failed to conduct reasonable investigations into the crime charged; Trial counsel failed to prepare a defense to the crime charged (and failed to inform petitioner of his right to an affirmative defense to the crime); Counsel failed to secure medical expert opinion regarding petitioners' medical condition, history and inability to assist in defense due to medical condition. (Internal Citations Omitted).

**Ground Two:** Petitioner's guilty plea was obtained in violation of his Sixth and Fourteenth and 5th Amendment rights.

Supporting Facts: Petitioner's guilty plea was involuntarily entered due to counsel's failure to fully inform him of the nature and consequences of his plea, failure of counsel to investigate prescription medications taken prior to and during incarceration that hindered petitioner's ability to assist his defense, failure to inform petitioner of affirmative defenses and incompetency to enter plea.

Respondent moved for Summary Judgment on August 26, 2009. Petitioner filed a memorandum in opposition to Respondent's motion on November 13, 2009. On November 24, 2009, the Magistrate Judge recommended to this Court that Respondent's Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed.

**STANDARD OF REVIEW**

**A.       Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

**B.       Section 2254 Petitions**

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).   As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 § U.S.C 2254(e)(1).  With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

## C.    Magistrate Judge's R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* The court may also recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

## I.    Ground One of Petitioner's Habeas Corpus Petition

In Ground One of his Petition, Petitioner contends that Counsel was ineffective in:

| | |
|---|---|
| (a) | Failing to perfect the appeal from Petitioner's guilty plea and sentence; |
| (b) | Failing to conduct reasonable investigations into the crime charged; |
| (c) | Failing to prepare a defense to the crime charged; |
| (d) | Failing to inform petitioner of his right to an affirmative defense to the crime; and, |
| (e) | Failing to secure medical expert opinion regarding Petitioner's medical condition, history, and inability to assist in his defense due to Petitioner's medical condition. |

With respect to grounds (a) and (e), the Magistrate Judge found these grounds to be procedurally barred because Petitioner failed to raise ground (a) in his APCR and because ground (e) was not addressed in the Court's Order of Dismissal and Petitioner failed to file a Rule 59(e) motion. R&R, pp. 15-17.

Petitioner does not specifically object to the Magistrate Judge's finding that ground (a) is procedurally barred from consideration by this court and agrees to "withdraw and abandon this claim at this time." Objections to R&R at 5. Therefore, the Court finds that this ground is procedurally barred and that the Court may not review the ground on its merits.

However, Petitioner does specifically object to the Magistrate Judge's finding that ground (e) is procedurally barred from review by this court. First Petitioner argues that ground (e) is incorporated as a "supporting fact" of his existing constitutional claims. *Id.* Furthermore, Petitioner "would seek leave of [the] Court to argue against the precedent case decisions cited by the Magistrate that 'failure of his PCR counsel to preserve grounds for appeal cannot constitute cause.'" *Id.* at 6. Petitioner argues that his PCR counsel, Mr. Leadbitter, was appointed to represent Petitioner at his PCR trial and that Petitioner had a reasonable expectation that Mr. Leadbitter would render him the professional representation contemplated under the Sixth Amendment. *Id.* "Since Mr. Leadbitter prepared and filed the Petition for Writ of Certiorari and neglected to format Petitioner['s] claim to ineffective assistance of counsel as exactly stated in Petitioner's Federal application for Writ of Habeas Corpus, this should be considered sufficient cause to overcome the procedural default as determine[d] by the Magistrate." *Id.* Lastly, Petitioner specifically objects to the Magistrate Judge's finding that a showing of Petitioner's actual innocence would be incredible. *Id.*

The Court has reviewed the entire record and finds that Petitioner's ground (e) is procedurally barred from further review by this Court. The Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the Court adopts the R&R and fully incorporates it into this Order.

In ground (e) of Petitioner's ineffective assistance of counsel claim, Petitioner alleges that Counsel was ineffective in failing to secure a medical expert's opinion regarding Petitioner's medical condition, history, and inability to assist in his defense due to his medical condition. The Magistrate Judge found that this ground is procedurally barred because the claim was not analyzed in the PCR court's Order of Dismissal, and Petitioner did not file a Rule 59 motion to have the PCR court address this specific issue. (R. pp. 15-16.) Furthermore, the Magistrate Judge found that "the record in this case would make any assertion of actual innocence, incredible." R&R, p. 16.

A federal court will review a procedurally defaulted claim if the Petitioner can demonstrate either cause for the default and actual prejudice therefrom or actual innocence of the crimes for which he or she is being held. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The South Carolina Supreme Court has held that if a PCR court's order summarily dismisses grounds without making factual findings and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003), and PCR counsel does not make a Rule 59(e) Motion to correct the error in the Order, then the issues are not preserved for appeal. *Marler v. State*, 653 S.E. 2d 266 (2007) (*citing Humbert v. State,* 548 S.E.2d 862 (2001); *Pruitt v. State*, 548 S.E.2d 862 (1992)). Furthermore, it is clearly established precedent that failure on the part of PCR counsel to preserve grounds for appeal cannot constitute cause for excusing procedural default. *Cudd v. Ozmint*, No. 0:08-CV-2421-RBH-PJG, 2009 WL 3157318 , at *7 (D.S.C. Aug. 11, 2009) ("Since there is no right to effective assistance of counsel in state PCR proceedings, ineffective assistance of counsel cannot serve as cause for [Petitioner's] default.") (*citing Coleman v. Thompson*, 501 U.S. 722, 753-55 (1991); *Sidebottom v. Delo*, 46 F.3d 744, 751 (8th Cir. 1983)). As a result, Petitioner has not established cause for the procedural default of ground (e), which is therefore barred from review by the Court.

Additionally, Petitioner has failed to demonstrate actual innocence of the crime for which he is being held in order for the court to excuse his procedural default. In order to show actual innocence of the crimes for which he is being held, Petitioner must produce new evidence that was not available at trial to establish his factual innocence. *Royal v. Taylor,* 188 F.3d 239, 243-44 (4th Cir. 1999) (*citing Schlup v. Delo,* 513 U.S. 298, 327 (1995)). "Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland,* 95 F.3d 1214, 1246 (4th Cir. 1996) (*aff'd,* 521 U.S. 151 (1997)). A petitioner may establish actual innocence as to his guilt, *id.,* or his sentence, *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997). In the instant case, Petitioner has introduced no new evidence that was not available at the time of his plea to establish his factual innocence. In fact, Petitioner merely restates his version of the facts contained in the record; the same facts that were available for argument prior to Petitioner's guilty plea. Pet'r Obj. pp. 7-8. Petitioner also has admitted to killing the victim but claims that he killed the victim in self-defense, a defense that Petitioner voluntary relinquished when he chose to plead guilty. As a result, Petitioner has made no showing of actual innocence as to the crimes committed, or sentence received, for which he is being held. Therefore, because Ground (e) was not addressed in the PCR Order and Petitioner failed to file a Rule 59 motion and because Petitioner has failed to show cause for the default or actual innocence, Petitioner's ground (e) is procedurally barred from review by the Court.

In grounds (b), (c), and (d) Petitioner alleges counsel was ineffective in failing to conduct a reasonable investigation into the crime charged, in failing to prepare a defense to the crime charged, and in failing to inform the Petitioner of his right to an affirmative defense to the crime. At the PCR hearing, Petitioner testified that counsel never discussed the potential to assert a claim

of self-defense, that trial counsel informed Petitioner that he would be convicted based on his prior record, and that Petitioner wanted to go to trial. (R. pp. 91-94.)

However, counsel testified at the PCR hearing that she discussed the self-defense claim with Petitioner at some length, including the apparent deficiencies with the self-defense claim. (R. p. 101.) These deficiencies included: a witness who would place Petitioner going into a house and retrieving a knife prior to the killing, the fact that the victim was not found with a gun, and Petitioner's flight to Florida after the victim's death. (R. p. 104.) Counsel testified that these deficiencies in Petitioner's self-defense claim outweighed the potential testimony of a Mr. Outing, a friend of the victim who was not present at the time of the killing, and whose testimony Petitioner claims would corroborate his self-defense theory. (R. pp. 108-09.) Counsel testified that if plea negotiations with the State were unsuccessful, a self-defense case would have been prepared for trial. (R. p. 101.) Counsel testified that she discussed the ramifications of a plea deal versus a trial with Petitioner, stating that she was particularly concerned with Petitioner's armed robbery conviction and the possibility that the State would seek a sentence of life without parole. (R. pp. 101-02.) Counsel testified that she recommended a negotiated twenty-year plea in order to prevent Petitioner from being exposed to a thirty-year sentence and that the presentation of self-defense as a mitigating factor in a straight up plea could have influenced the trial judge to refuse to accept Petitioner's plea. (R. p. 113.)

The PCR court found counsel's testimony credible in regards to her investigation and preparation of the case, as well as counsel's discussion of a self-defense claim and its deficiencies with Petitioner. (R. pp. 163-64.) The PCR court found that counsel explained the ramifications of a plea with Petitioner, that Petitioner seemed to understand, and that Petitioner was advised by the

court at the plea that he was waiving self-defense and he indicated that he understood that and wished to waive that right. Additionally, the PCR court found that counsel reviewed the statement of Mr. Outing and did not feel he was a beneficial or key witness because he was not at the scene of the crime but rather was with Petitioner prior to the crime. As a result, the PCR court found that Petitioner failed to show that Counsel had rendered ineffective assistance of counsel under *Stickland*. (R. p. 164.)

The Magistrate Judge found that grounds (b), (c), and (d) were not procedurally barred but recommended dismissing these grounds because the PCR court's decision with respect to these grounds did not involve an unreasonable determination of facts in light of the evidence, nor was it contrary to, or did it involve an unreasonable application of clearly established Federal Law. R&R, pp. 17-21; *see* 28 U.S.C. § 2254(d)(1). Specifically, the Magistrate Judge found that the PCR court was not unreasonable in finding that counsel was knowledgeable about the facts and defenses in the case and that her actions were reasonable in light of the State's case against Petitioner. The Magistrate Judge found that the PCR court's finding that counsel was more credible than Petitioner was reasonable. R&R, pp. 17-21. Petitioner specifically objects to the Magistrate Judge's recommendations as to grounds (b), (c), and (d) and claims that the PCR Order is "based on an 'unreasonable' determination of the facts in light of the evidence presented in the state court proceeding." Pet'r Obj. p. 8.

The Court finds Petitioner's objections to be without merit. Petitioner must show by clear and convincing evidence that the PCR court's credibility determinations were incorrect, *Wilson v. Ozmint,* 352 F.3d 847, 858-59 (2003), and that these incorrect credibility determinations resulted in an improper adjudication by the PCR court. 28 U.S.C. § 2254 (d)(2). Petitioner has the burden

11

of showing that Counsel's performance was deficient, and must overcome the strong presumption that Counsel's conduct falls within the broad range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). In the instant case, the PCR court found that Counsel discussed the option of raising a self-defense claim, the problems with the self-defense claim in the case, and the differences between a negotiated and straight up plea with Petitioner. Furthermore, the decision by Counsel to recommend a negotiated twenty-year plea was a tactical decision to prevent exposing Petitioner to up to thirty years imprisonment or life without parole. A review of the guilty plea transcript and the testimony at the PCR hearing reveals that the PCR judge's denial of Petitioner's APCR was reasonable and fully supported by the record. Petitioner indicated at the guilty plea hearing that Counsel went over self-defense with him. (R. p. 9.) Counsel's testimony at the PCR hearing clearly indicates that she diligently conducted an investigation into the crime charged and that she would have been prepared to present a self-defense claim at trial. (R. pp. 101-15.) Petitioner has introduced no evidence to prove, clearly and convincingly, that the PCR court's credibility determination was unreasonable or that the PCR court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Therefore, Petitioner's grounds (b), (c), and (d) are dismissed with prejudice.

## II.     <u>Ground Two of Petitioner's Habeas Corpus Petition</u>

In Ground Two of his Petition, Petitioner contends that his guilty plea was entered into involuntarily due to Counsel's:

(a)     failure to fully inform him of the nature and consequences of his plea;

(b)     failure to investigate prescription medications taken prior to and during incarceration that hindered petitioner's ability to assist his defense; and,

(c)     failure to inform petitioner of affirmative defenses and incompetency to enter plea.

With respect to ground (a), the Magistrate Judge found that this ground was procedurally barred because the ground was not raised in Petitioner's APCR, not addressed in the PCR Order of Dismissal, and was not raised on appeal from the denial of PCR. R&R, p. 21. Petitioner does not specifically object to the Magistrate Judge's finding in regards to ground (a). After reviewing the entire record, the Court finds that ground (a) was not raised in the Petitioner's APCR, not addressed in the Order of Dismissal, and was not raised on appeal from the denial of his APCR. Furthermore, Petitioner has demonstrated neither cause and prejudice nor actual innocence to excuse the default. Therefore, Petitioner's ground (a) is procedurally defaulted, and the Court may not review the claim on its merits.

In ground (b), Petitioner alleges his guilty plea was involuntary due to counsel's failure to investigate prescription medications taken prior to and during incarceration that hindered petitioner's ability to assist in his defense. The Magistrate Judge found that this ground is not procedurally barred. R&R, p. 22. The PCR court found Petitioner's ground (b) allegation to be without merit because the court found counsel's testimony that Petitioner, on the date of the guilty plea, was clear thinking and understood the proceedings, to be credible and that the Petitioner's testimony was not credible. (R. p. 161-62.) Furthermore, the PCR court found that the Petitioner informed the plea judge that while Petitioner was currently on medication, Petitioner understood what was going on and that the medications did not affect his ability to understand the proceedings. (R. p. 162.) Finally, the PCR court found that while Petitioner did present some testimony at the PCR hearing as to the potential effects of his medication, Petitioner failed to establish that he did not understand what was occurring on the date of his plea. (R. p. 162.)

The Magistrate Judge found that the PCR judge properly applied Federal law to Petitioner's claim and did not make an unreasonable determination of the facts in light of the evidence. R&R, p. 22. The Magistrate Judge found that Petitioner has failed to establish that his guilty plea was entered into involuntarily under *Hill v. Lockhart*, 474 U.S. 52 (1985). The Magistrate Judge concluded that a review of the plea and PCR transcript reveals that counsel knew what prescription drugs Petitioner was taking and that counsel felt Petitioner understood what was occurring. R&R, p. 22. Further, the Magistrate Judge found that the record was clear that Petitioner advised the plea judge that he was taking medication but that the medication did not affect his ability to understand the proceedings. R&R, p. 22. As a result, the Magistrate Judge found this ground to be without merit. R&R, p. 22.

Petitioner generally objects to the Magistrate Judge's recommendation with respect to ground (b) on the basis that the testimony by the mental health expert, Dr. Scwartz-Watts, at the PCR hearing creates a genuine issue of material fact that precludes summary judgment. Pet'r Obj. p. 9. Petitioner argues that "answering a few questions during a guilty plea hearing coupled with an uninformed and unsubstantiated lay opinion of mental competence by a lawyer that had not fully investigated the issues, medical evidence or legal evidence fully is not probative evidence." Pet'r Obj. p. 9. Petitioner argues that the testimony of Dr. Schwartz-Watts shows that Petitioner was not competent to plead guilty and that his guilty plea was therefore taken in violation of the due process clause. Pet'r Obj. p. 9. Finally, Petitioner argues that the Magistrate Judge erred in failing to consider the testimony of Dr. Schwartz-Watts at the PCR hearing, who testified that the prescription drugs Petitioner was taking at the time of the guilty plea could have caused confusion and lethargy. (R. p. 78.)

Petitioner's ground (b) of his involuntary guilty plea claim is essentially a claim of ineffective assistance of counsel as Petitioner is arguing that counsel's error in failing to investigate Petitioner's prescription drugs led Petitioner to enter into the guilty plea involuntarily. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by his counsel's deficient performance. *See Strickland*, 466 U.S. at 687. With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to satisfy the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In order to succeed on a claim of involuntary guilty plea due to the ineffective assistance of counsel, Petitioner must show that but for counsel's alleged error or errors, there is a reasonable probability he would not have pled guilty but would have insisted on going to trial. *Lockhart*, 474 U.S. at 59.

Additionally, a guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *North Carolina v. Alford,* 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations. *Brady v. United States*, 397 U.S. 742, 755 (1970). However, a defendant's statements at the guilty plea hearing are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing. *Via v. Superintendant, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981). Finally, as Petitioner's ineffective assistance of counsel and involuntary guilty plea claim was

adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000).

The court agrees with the Magistrate Judge's recommendation that, in this case, Petitioner has failed to show that there is a reasonable probability that he would not have pled guilty but for counsel's alleged deficient performance or that his plea was involuntary. As mentioned earlier, the plea judge was put on notice about the prescription drugs that Petitioner was taking and questioned Petitioner about the effects of the drugs on his ability to comprehend the proceedings. (R. pp. 12-13.) More specifically, the plea judge asked Petitioner "[n]ow, the various medications that you take, do they impact your ability to comprehend what is going on?" To which Petitioner responded, "I understand what is going on, sir." (R. pp. 12-13.) Furthermore, the plea judge asked Petitioner to respond to questions which require the Petitioner to formulate his own intelligent responses, and the record indicates Petitioner did so with ease. (R. pp. 13-15.) A further review of the plea transcript indicates that Petitioner understood the effect of the guilty plea and the possible sentence he was facing as a result. (R. pp. 13-15.) Petitioner entered a negotiated guilty plea for a twenty-year sentence when he was facing the possibility of thirty years.

The testimony by Dr. Schwartz-Watts at the PCR hearing that the prescription drugs could have caused confusion and lethargy does not show, by clear and convincing evidence, that Petitioner's plea was entered into involuntarily and that the PCR court's decision involves an unreasonable determination of facts in light of the evidence presented in the PCR proceeding. *See* 28 U.S.C. § 2254(d)(1). The testimony of counsel and colloquy between the plea judge and Petitioner is far more probative of Petitioner's understanding of the proceedings against him than

16

the testimony of Dr. Schwartz-Watts. First, Dr. Schwartz-Watts examined Petitioner on January 4, 2007; however, Petitioner's guilty plea hearing was on June 23, 2004. Due to the lapse in time between the guilty plea and Dr. Schwartz-Watts examination of Petitioner, Dr. Schwartz-Watts's testimony is not directly probative of Petitioner's ability to comprehend on the date of the plea hearing. Second, Dr. Schwartz-Watts testified that Petitioner's prescription drugs *could* cause confusion and lethargy, which is not clear and convincing evidence that Petitioner was unable to comprehend the guilty plea hearing. Further, it should be noted that Petitioner's plea counsel testified at the PCR hearing that Petitioner's "appearance today [at the PCR hearing] is very different than the appearance at the time of the plea. . . . [H]is physical condition [has] deteriorated rapidly." (R. p. 102.) Therefore, while Petitioner's appearance at the PCR hearing *may* have appeared concerning, Petitioner's appearance at the PCR hearing is not probative of his ability to comprehend the proceedings at the guilty plea hearing.

Therefore, after reviewing the entire record, the Court finds Petitioner's objections to be without merit. The Court agrees with the Magistrate Judge's finding that because the PCR court's rejection of Petitioner's ineffective assistance of counsel and involuntary guilty plea claim did not result in an unreasonable application of Federal law and was not based upon an unreasonable determination of facts in light of the state court record, Petitioner has failed to establish a habeas claim of ineffective assistance of counsel. *See* 28 U.S.C. § 2254(d)(1) & (2). Petitioner has introduced no evidence to show that counsel's alleged error in failing to investigate prescription medications taken prior to and during incarceration hindered Petitioner's ability to assist in his defense or led Petitioner to plead guilty when there was a reasonable probability Petitioner would have gone to trial. *Lockhart*, 474 U.S. at 59. Accordingly, with respect to ground (b) of Petitioner's

involuntary guilty plea claim, the court adopts the R&R and fully incorporates it into this Order.

In ground (c), Petitioner alleges his guilty plea was entered into involuntarily due to counsel's failure to inform Petitioner of affirmative defenses and Petitioner's incompetency to enter a plea. Petitioner's ground (c) is similar to ground (c) of his ineffective assistance of counsel claim, discussed above, insofar as it discusses the failure of counsel to inform Petitioner of his right to present affirmative defenses. Because this claim has been discussed in Part I (c) above, the Court will only address Petitioner's claim of incompetency to enter a plea, even though this ground is also similar to Petitioner's Ground II (b) concerning counsel's failure to investigate Petitioner's prescription drugs. The PCR court found Petitioner's allegation contained in ground (c) to be without merit because Petitioner failed to establish that Petitioner was incompetent prior to and at his plea hearing. (R. p. 163.) Furthermore, the PCR court found counsel's testimony that Petitioner was coherent and understood what was occurring to be conclusive. (R. p. 163.) Therefore, the PCR court found that Petitioner clearly failed to meet his burden of proof in establishing this claim. (R. p. 163.)

The Magistrate Judge found that the PCR judge properly applied Federal law to Petitioner's ground (c) and did not make an unreasonable determination of the facts in light of the evidence at the PCR trial. R&R, pp. 22-23. The Magistrate Judge found that the PCR court specifically found that Petitioner was competent to plead guilty, found counsel to be credible, and found Petitioner to be not credible. R&R, p. 23. The Magistrate Judge found that both of these credibility determinations by the PCR court are entitled to deference by the reviewing court. *See Wilson,* 352 F.3d 858-69.

Petitioner does not specifically object to the Magistrate Judge's recommendation as to ground (c). Rather, Petitioner generally objects to the Magistrate Judge's recommendation that Petitioner's claim of involuntary guilty plea be denied because the Magistrate focused solely on the colloquy between the plea judge and Petitioner, as well as the lay opinion of counsel as to Petitioner's mental capacity, and did not weigh the probative value of Dr. Schwartz-Watts's testimony concerning the effects of Petitioner's prescription drugs. Pet'r Obj. pp. 8-10.

As discussed in the court's analysis of Ground II (b) above, the PCR court found Petitioner to be competent during his guilty plea based on a credibility determination of the testimony of counsel, as well as the record from the plea hearing. The record does not show, nor does Petitioner provide, any evidence to rebut the Magistrate's recommendation that the PCR court did not make an unreasonable determination of the facts in light of the evidence at the PCR trial. As discussed above, the testimony of Dr. Schwartz-Watts does not show, by a clear and convincing standard, that Petitioner was incompetent on the day of his plea hearing. Dr. Schwartz-Watts examined Petitioner several years after the plea hearing and testified that, in her professional opinion, the Petitioner's prescription drugs could have caused confusion and lethargy. This testimony has little probative value of Petitioner's actual competency on the date of the guilty plea. Furthermore, Petitioner's physical condition had deteriorated during his incarceration, which makes Dr. Schwartz-Watts's assessment of his probable condition at the time of the guilty plea even less probative. As a result, Petitioner has failed to show, by a clear and convincing standard, that the PCR court either misapplied clearly established Federal Law or made an unreasonable determination of the facts in light of the evidence. Therefore, Petitioner's ground (c) is dismissed with prejudice.

### III.      <u>Certificate of Appealability</u>

On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued.  The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th. Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

### <u>CONCLUSION</u>

For the foregoing reasons, it is **ORDERED** that Respondent's motion for summary judgment is **GRANTED** and a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**March 4, 2010**
**Charleston, SC**